Per Curiam.

The single question presented by this action is whether the failure of a candidate to file a written acceptance of the nomination for the municipal office he seeks, as required by the charter of the municipality, makes his nominating petition insufficient.
To determine this question we must consider the history of the election laws in this respect and the Charter of the City of Willoughby.
*18 Prior to 1954, and at the time of the adoption of the charter of Willoughby, any qualified elector could circulate a nominating petition without any overt action on the part of the potential candidate and conceivably without his knowledge. Thus, the situation could well occur that one could be nominated without his knowledge or consent. To obviate such a situation the statutes provided that, when a nominating petition was filed, such petition was required to be accompanied by a written acceptance of nomination for the office by the candidate.
It is provided in Section 1, Article X of the Charter of the City of Willoughby, that, “except as otherwise provided in this charter, the laws of Ohio shall govern the nomination and election of the elective officers of this city,” and, effective in 1954, the state statutes were changed and it is now required under the provisions of Section 3513.261, Revised Code, that a written declaration of candidacy be signed by the candidate, and the prior sections requiring the written acceptance were repealed.
From that it is seen that the declaration of candidacy required by statute to be executed by a candidate constitutes an acceptance of the nomination for the office within the meaning of the provision of the charter of Willoughby requiring a written acceptance. To require more would constitute merely a duplication of acceptances.
The determination of the board of elections that the petitions of the relators were insufficient constituted an abuse of discretion.
A writ of mandamus will, therefore, be issued, ordering the board to place relators’ names on the ballot.

Writ allowed.

Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.